UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**HCP SPRINGS MOB LOUISVILLE, LLC**                               **PLAINTIFF**

vs.                                            CIVIL ACTION NO. 3:18-CV-00688-CRS

**BLUEGRASS PAIN CONSULTANTS, PLLC**
**AND CHRISTOPHER L. NELSON**                                   **DEFENDANTS**

## MEMORANDUM OPINION

### I.  Introduction

This case is before the Court on Plaintiff HCP Springs MOB Louisville, LLC's ("HCP") motion for summary judgment, DN 23, against Defendant Christopher L. Nelson M.D. ("Nelson"). Nelson failed to file a response to this motion. There being no genuine issue of material fact, the Court will grant Plaintiff's motion for summary judgment and refer the issue of damages to the magistrate judge for a report and recommendation under 28 U.S.C. § 636 (b)(1)(B).

### II.  Factual Background and Procedural History

This is a breach of contract case. On April 6, 2011, Bluegrass Pain Consultants, PLLC ("Bluegrass Pain") entered into an Office Lease Agreement with MRI Asset Management LLC to lease Suite 60 at 6400 Dutchman's Parkway in Louisville Kentucky ("Suite 60 Lease"). DN 23 at 2. This lease was amended on February 21, 2014, to include Suite 80 at 6420 Dutchman's Parkway. *Id*. HCP acquired the Suite 60 Lease from MRI Asset Management as a successor in interest. *Id*. On June 30, 2017, Bluegrass Pain and HCP entered into a Base Year Medical Office Lease Agreement for Suite 170 at 6420 Dutchman's Parkway ("Suite 170 Lease"). *Id*. Nelson is the guarantor of both leases. DN 1-1 at 71; DN 1-2 at 19.

Bluegrass Pain failed to pay rent for both leases in June, July, and August of 2018. DN 7 at ¶ 23; DN 23 at 5. HCP sent written notices to Bluegrass Pain informing it of its default. *See* DN 1-4. On or about September 3, 2018, Bluegrass Pain vacated each office suite. DN 7 at ¶ 26; DN 23 at 5. Bluegrass Pain then failed to pay HCP rent for September of 2018. DN 7 at ¶ 25; DN 23 at 5. HCP sent another written notice to Bluegrass Pain informing it of its default. DN 23 at 5.

On October 19, 2018, HCP filed this suit against Bluegrass Pain and Nelson. DN 1. In its complaint, HCP alleged Bluegrass Pain breached both leases, Nelson breached his guarantees, and HCP is entitled to damages. *Id.* at 7–10. On May 10, 2019, Bluegrass Pain filed a notice of bankruptcy. DN 16. This Court entered an order that stayed all further proceedings against Bluegrass Pain pursuant to 11 U.S.C. § 362. DN 19. HCP filed this motion for summary judgment against Nelson on June 17, 2019. DN 23. Nelson has not responded.

### III.  Legal Standard

Summary judgment is appropriate when the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986). A genuine issue for trial exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id*. In undertaking this analysis, the Court must view the evidence in the light most favorable to the non-moving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007).

The party moving for summary judgment bears the burden of proof for establishing the nonexistence of any issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). They can meet this burden by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the…presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). This burden can also be met by demonstrating that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The nonmoving party also "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

**IV.     Discussion**

HCP argues that (1) its claim can proceed against Nelson under the automatic stay, (2) Bluegrass Pain breached both leases, and (3) it is entitled to recover damages from Nelson. The Court will address each argument.

    **A.     Bankruptcy Stay**

HCP argues that its motion for summary judgment "only seeks relief against Nelson" and can proceed under the Court's order. DN 23 at 1. The Court agrees. In the Sixth Circuit, a stay under § 362 is strictly construed to only prevent proceedings against the debtor. *Patton v. Bearden,* 8 F.3d 343 at 348–349 (6th Cir. 1993). The stay does not automatically preclude claims against non-debtor co-defendants from proceeding. *Lynch v. Johns-Manville Sales Corp.,* 710 F.2d 1194, 1196 (6th Cir. 1983). Therefore, HCP's claim against Nelson can proceed.

    **B.     Breach of Contract**

Under Kentucky law, a plaintiff suing for breach of contract must establish (1) the existence of a contract, (2) a breach of that contract, and (3) damages stemming from the breach. *MidAmerican Distribution, Inc. v. Clarification Tech., Inc.,* 807 F.Supp.2d. 646, 666–667 (E.D. Ky. 2011). HCP claims there is no material dispute of fact with regard to any element and it is entitled to summary judgment.

### i. Existence of a Contract

The existence of a contract is a question of law to be determined by the Court. *Cent. Bank v. Gill*, No. 2011-SC-000442-DG, 2013 WL 5436257 at *4 (Ky. Sept. 26, 2013). This element is not in serious dispute. HCP claims that each lease at issue is a binding and enforceable contract. DN 23 at 7. In its answer, Bluegrass Pain responded that the leases "speak for themselves." DN 7 at ¶ 34. Each lease is signed by both parties, and the Court has found no infirmity with either lease Therefore, the Court finds that each lease is a binding and enforceable contract.

### ii. Breach

This element is also not in serious dispute. The Suite 60 Lease provides that Bluegrass Pain will be in default if it fails to pay rent within five days after it is due, with notice from HCP. DN 1-1 at 19–20. The Suite 170 Lease provides that Bluegrass pain will default if it fails to pay rent within ten days after it is due, with notice from HCP. DN 1-2 at 8. Further, both leases provide that Bluegrass Pain will be in default if it abandons the premises. DN 1-1 at 1920; DN 1-2 at 8.

Bluegrass Pain admitted that it failed to pay rent for both leases for June, July, and August of 2018. DN 7 at ¶ 23. Bluegrass Pain also admitted that it received notices of its default on August 3, 2018 and September 28, 2018. *Id.* at ¶24; *Id.* at ¶ 27. Further, Bluegrass Pain admits that it abandoned the premises on or about September 3, 2018. *Id*. at 26. Based on Bluegrass Pain's

admissions, Bluegrass Pain defaulted on both leases when it failed to pay rent in June of 2018. It defaulted again when it abandoned the premises in September of 2018. There being no material dispute of fact, the Court finds that Bluegrass pain breached both leases.

### iii. Damages

Under Kentucky law, "[t]he measure of damages for breach of contract is 'that sum which will put the injured party into the same position he would have been in had the contract been performed." *Hogan v. Long*, 922 s.W.2d 368, 371 (Ky. 1995). HCP claims damages stemming from the breach of both leases including rent from each suite, lease commissions, and attorney's fees. DN 23 at 7–9. HCP has provided an accounting of the rent discrepancy between Bluegrass Pain's leases and its new tenants' leases for Suite 60 and Suite 170, it has attested to its "diligent efforts" to find a new tenant Suite 80, and it has provided an accounting of its leasing commissions and attorney's fees. *See* DN 23-16, 23-18, 23-19. But, more detail is necessary for the Court to make a proper determination of damages, especially with regard to HCP's mitigation efforts, if any. Therefore, the Court will refer the issue of damages to the magistrate judge under 28 U.S.C. § 636 (b)(1)(B) for hearing, if necessary, and proposed findings of fact and recommendation.

### C. Breach of Guarantees

Under Kentucky law, an absolute guaranty is an unconditional promise of payment or performance on default of the principal. *Banterra Bank v. Hendrick*, No. 5:09-CV-00012-TBR, 2011 WL 832455 at *3 (W.D. Ky. March 3, 2011) (citing *McGowan v Wells' Tr.,* 213 S.W. 573, 577 (Ky. 1919)). If the guaranty is absolute, "the obligation of the guarantor becomes fixed as quick as the guaranty is acted upon and the credit extended." *Id*. A guaranty may be enforced against a guarantor as soon as the principal defaults. *Banterra Bank*, 2012 WL 832455, at *3

(quoting *Yager v. Kentucky Title Co.,* 66 S.W. 1027, 1028 (Ky. 1902). "The guarantor's liability is dependent upon the same rule of law by which the liability of one who has broken his contract is determined." *Id*.

Here, Nelson agreed to an "irrevocable, absolute, unlimited, and continuing guaranty of payment and performance" for each lease. DN 1-1 at 71; DN 1-2 at 19. In doing so, Nelson agreed to guaranty "full performance by [Bluegrass Pain] of all obligations, indemnities and agreements to be paid, performed or observed by [Bluegrass Pain] pursuant to this Lease, including but not limited to the payment of Rent and any and all other sums required to be paid by Tenant hereunder when due." *Id*. It is clear that this was an absolute guaranty for each lease. Accordingly, this absolute guaranty allows HCP to proceed against Nelson immediately upon Bluegrass Pain's default. Having found that there is no material dispute of fact with regard to Bluegrass Pain's default on both leases, the Court also finds that Nelson is liable to HCP for all damages stemming from Bluegrass Pain's breach.

## V. CONCLUSION

For the reasons stated herein, Plaintiff HCP Springs MOB Louisville, LLC's motion for summary judgment, DN 23, will be GRANTED and the matter referred to the magistrate judge on the issue of damages. A separate order will be entered in accordance with this opinion.

December 6, 2019

Charles R. Simpson III, Senior Judge
United States District Court